UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES HENDERSON,   :   Plaintiff,   : | |
| : | |
| v.   : | Case No. 3:16-cv-1958 (VAB) |
| : | |
| WARDEN, ET AL.,   :   Defendants.   : | |

## RULING AND ORDER

Mr. Henderson brings this habeas petition *pro se* under 28 U.S.C. § 2241. He has also filed a motion for consideration of denial of due process in support of the petition, a motion for reconsideration and a motion to compel.

### I.     Motion for Reconsideration [ECF No. 9]

On December 8, 2016, the Court denied Mr. Henderson's application to proceed *in forma pauperis* because he stated that he had $21.00 in cash. Mr. Henderson claims that he has no money in his inmate account and that there is no money left on his debit card. He seeks reconsideration of the Court's order denying his application to proceed *in forma pauperis*. Mr. Henderson has pointed to no information that the Court overlooked in denying the application. Accordingly, the motion for reconsideration of denial of Mr. Henderson's application to proceed *in forma pauperis* is denied.

The Court notes that in the motion to compel filed by Mr. Henderson, he asserts that money has been deposited to his prisoner account and he will be forwarding the filing fee of $5.00 to the Court soon. *See* Mot. Compel, ECF No. 13 at 2-3.

**II.     Motion to Compel [ECF No. 13]**

Mr. Henderson seeks an order directing the respondents to produce a disciplinary hearing/investigation file containing paperwork with regard to an allegation that he was guilty of fighting with another inmate on October 1, 2016.  Mr. Henderson claims that the disciplinary infraction was the reason prison authorities brought him back to FCI Danbury after his release on November 15, 2016.   Mr. Henderson does not allege that he made any attempt to seek the production of the disciplinary hearing/investigation file from the respondents prior to filing the motion to compel.  Thus, the motion to compel is premature.  Furthermore, the relief sought is moot, given that prison officials have transferred Mr. Henderson to a half-way house.

Mr. Henderson also seeks to have the Court take notice of other alleged violations of his civil rights, including Danbury FCI officials' alleged failure to schedule him for hernia surgery in September 2016, their alleged refusal to x-ray his right hip in January 2017, and their alleged confiscation of twenty pages of one of his legal files.  Mr. Henderson contends that prison officials also may have deprived him of employment with a company in Toledo, Ohio because he could not follow-up on a phone call he made to the company on November 15, 2016.

To the extent that Mr. Henderson seeks to add these allegations to his habeas petition, the request is denied.   A prisoner must exhaust his or her administrative remedies before filing a section 2241 petition.  *See United States v. Smalling*, 644 F. App'x 3, 4-5 (2d Cir. 2016) (challenge to execution of sentence must be brought in a section 2241 proceeding, but only "after exhaustion of administrative remedies") (citations omitted).  Mr. Henderson does not allege that he exhausted his administrative remedies as to any of the claims prior to asserting them in his motion to compel.   The motion to compel is denied in all respects.

### III.     Petition for Writ of Habeas Corpus and Motion for Consideration [ECF Nos. 1, 3]

The petitioner asserts that the respondents violated his constitutional right to due process when they released him from FCI Danbury on November 15, 2016, to travel by bus to a half-way house in Ohio, and then picked him up at the bus station in New York City before he could board the bus to Ohio.  He seeks an order of immediate release to a half-way house.

On December 23, 2016, the Court issued an order to show cause directing the respondents to file a response to the petition for writ of habeas corpus, motion for consideration of denial of due process and supplemental notices.   On February 13, 2017, the respondents filed a document indicating that prison officials had transferred Mr. Henderson to a half-way house in Toledo, Ohio on February 7, 2017.   In view of the fact that Mr. Henderson has been discharged from Danbury Correctional Institution to a halfway house in Ohio, the relief sought in the petition for writ of habeas corpus and motion for motion for consideration of denial of due process is now moot.

### IV.     Conclusion

The Motion for Reconsideration **[ECF No. 9]** is **DENIED** and the Motion to Compel **[ECF Nos. 13]** is **DENIED** in all respects**.**  The Motion for Consideration of Denial of Due Process **[ECF No. 3]** and Petition for Writ of Habeas Corpus [**ECF No. 1**] are **DENIED** as moot.

The Clerk of the Court is directed to enter judgment and close this case.

SO ORDERED at Bridgeport, Connecticut this 17th day of February, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE